**Guo Long GAO, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–1087–AG.**

United States Court of Appeals, Second Circuit.

Feb. 10, 2006.

Jan Potemkin, New York, New York, for Petitioner.

Diana Hagen, Assistant United States Attorney, for Paul M. Warner, United States Attorney for the District of Utah, Salt Lake City, Utah, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of a final order of the Board of Immigration Appeals, IT IS **HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Guo Long Gao ("Gao"), a native and citizen of the People's Republic of China, petitions for review of a February 12, 2004, Board of Immigration Appeals

("BIA") decision affirming, without opinion, the decision of an Immigration Judge ("IJ") to deny Gao's petition for withholding of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20, 1465 U.N.T.S. 85. Gao has claimed that, if returned to China, he would face detention and torture as a penalty for illegally exiting the country. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal.

Where, as here, the BIA summarily affirms the IJ, we review the IJ's decision as the final agency determination. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005). We review factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004).

To establish his claim, Gao had to show, first, that he exited China without permission, thus generating the basis for Chinese officials to place him in detention upon his return. Second, Gao had to show that, if returned to China, it is "more likely than not" that he would be tortured while in detention. 8 C.F.R. § 1208.16(c)(2); *see also Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (explaining burden of proof for establishing CAT eligibility).

◼ The IJ first made a legal conclusion that Gao had not exited China illegally because, the IJ found, Gao used a valid passport to leave the country. The finding that Gao used a valid passport is not supported by Gao's testimony. Even if it were, the IJ's conclusion is dubious because a valid passport alone appears insufficient to exit China legally. *See Yi–Tu Lian v. Ashcroft,* 379 F.3d 457, 460 (7th Cir.2004) (finding, based on Country Pro-

file, that "permission [to leave China] requires not only a passport but also an exit permit").

 Nonetheless, the IJ also found Gao unable to demonstrate that it was more likely than not that he would be tortured, even if he were detained for an illegal exit. This additional ground is supported by substantial evidence. The IJ properly characterized Gao's assertion about a friend of a friend being tortured as lacking sufficient detail. Gao's only other evidence involved language in State Department country reports indicating that: (1) individuals leaving China without permission are subject to administrative detention upon their return; and (2) torture occurs in Chinese prisons and detention centers generally. Recently, however, we refused to disturb the denial of CAT relief in a substantially similar case where the petitioner relied on similar country reports but could not offer any additional particularized evidence of the likelihood of torture upon return to China. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005) (citing *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir. 2003)).[1]

Even where an IJ has erred in one respect, we will still deny the petition for review if the IJ articulates a sustainable alternative ground for denying relief. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395 (2d Cir.2005). Because a sustainable alternative ground exists in this case, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

---

1. On appeal, Petitioner claims a heightened risk of torture because he allegedly violated China's family planning regulations by impregnating an unmarried woman. Petitioner alleged the family planning violations in his later-withdrawn asylum application, but his CAT claim was based solely on his illegal exit. Petitioner never testified to the IJ about any family planning violations, and we cannot now consider or accept as true such allegations. *See Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005) (explaining that statutory exhaustion requirement generally "bars the consideration of bases for relief that were not raised below"); *see also Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir.2003) (finding judicial exhaustion doctrine applicable where failure to raise issue "left sizable gaps in the factual record presented to us on appeal").